IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL YOUNG,

                Plaintiff,                    OPINION AND ORDER

  v.

                                          14-cv-679-wmc

THE STATE OF WISCONSIN EQUAL
RIGHTS DIVISION, ERIC FERGISON,
JOHNNIE A. NELSON, RAYMOND MEJA,
LARRY JAKUBOWSKI, GARY OLSTEAD,
and JOHN GRANDBERRY,

                Defendants.

In this proposed action, serial-filer and *pro se* plaintiff Michael Young alleges that defendants the State of Wisconsin Equal Rights Division and several of its employees refuse to accept his complaints. (Dkt. #1.) Plaintiff asked for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915, and from his financial affidavit, the court concluded that plaintiff was unable to prepay the fee for filing this lawsuit. The next step is determining whether plaintiff's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Young has failed to state a claim on which relief may be granted, the court will deny him leave to proceed. Furthermore, for the reasons described below, this court, too, will impose restrictions on Young's future filings in this court.

ALLEGATIONS OF FACT

In addressing any *pro se* litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes the following facts based on the allegations in his complaint.

Plaintiff alleges that dating back to the 1970s until now, the State of Wisconsin Equal Rights Division unlawfully refuses to accept his equal rights complaints. Plaintiff estimates that he has filed approximately 200 complaints in a 43-year period and that the Division has yet to find probable cause with respect to any of his complaints.

OPINION

Young names a state agency as a defendant to this action. Liability under § 1983 attaches to a "*person* who, under color of any statute, ordinance, regulation, custom, or usage" of state power deprive a citizen of any right under the Constitution or federal law. 42 U.S.C. § 1983 (emphasis added). A state and its agencies, however, are not "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (holding that "a State is not a 'person' within the meaning of § 1983"); *Witte v. Wis. Dep't of Corrections*, 434 F.3d 1031, 1036 (7th Cir. 2006) (same). As such, Young cannot assert a claim against the State of Wisconsin Equal Rights Division.

While Young also names individual employees of the division as defendants, § 1983 requires "personal involvement" in an alleged constitutional deprivation for a defendant to be liable. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Here, Young's complaint is devoid of *any* allegations directed at the individual defendants. Accordingly, the court will deny Young leave to proceed.

This is the final of five screening order the court has issued today on Young's outstanding motions for leave to proceed *in forma pauperis*. In less than two years, Young has filed *sixteen* complaints in this court, only one of which survived the screening phase. Young's use of judicial resources to pursue meritless claims must stop.

As such, the court will direct the clerk of court to route directly to chambers any further pleading or papers Young files in this court. If the pleading appears to raise claims that can be heard in this court, it will be returned to the clerk's office with instructions to open a new case file. If the pleading suffers from the same obvious deficiencies as here and in Young's other, numerous filings, it will be deemed dismissed without order and given no further consideration. *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). Young is also warned that he will risk additional sanctions, including monetary penalties, if he continues to abuse court resources with further frivolous filings.

ORDER

IT IS ORDERED that:

1) plaintiff Michael Young's complaint is DISMISSED for his failure to state a claim;

2) the clerk's office is directed to close this case; and

3) all future motions, complaints or other materials filed by plaintiff in this district will be forwarded to chambers without judicial action unless otherwise directed by the court.

Entered this 5th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge